UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| TERMAINE T. FIELDS, SR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 1:11-CV-343 PS |
| vs. | ) | |
| | ) | |
| KENNETH C. FRIES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Termaine T. Fields, Sr., a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. (DE 5.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must contain enough factual matter to state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In deciding whether the complaint states a claim, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Fields alleges that he was housed under unsanitary conditions at the Allen County Jail between July and August 2011. Specifically, he alleges that on July 7, 2011, Officer Ray

Chad took him from the jail lock-up area to cell 3313 in H-block.[1] He claims that cell 3313 had been uninhabitable due to a leaking and flooding toilet, and that Officer Chad was aware of that fact. He claims that Officer Chad nevertheless housed him and another inmate in this cell. He further claims that he and the other inmate repeatedly complained to Officer Chad, who said he would take action to have the toilet repaired but failed to do so. Fields also complained to another correctional officer; according to Fields, after seeing the condition of the cell this officer put in a work order and a request that Fields and the other inmate be moved, but both requests were ignored. It appears from the complaint that at some point Fields slipped in standing water in his cell and injured his back. (*See* DE 5 at 5.) He claims that on or around August 15, 2011, maintenance staff finally repaired the toilet in his cell.

Because Fields is a pretrial detainee, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473-74 (7th Cir. 2009). The standards that apply are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* at 475. To state an Eighth Amendment claim, an inmate must satisfy both an objective and subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, shelter, medical care, bedding, hygiene materials, and

---

[1] It is not entirely clear from the complaint whether this officer's name is Ray Chad or Chad Ray. (*See* DE 5 at 2-3.)

sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). If the conditions pass the objective inquiry, the court must determine whether the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

This is Fields' second attempt to state a claim for relief. (*See* DE 1, 4.) Although his amended complaint is not heavy on detail, I conclude that he has stated enough to proceed on a claim that he was denied the minimal civilized measure of life's necessities. As recounted above, he claims that for more than a month he was housed in a cell that was uninhabitable due to a toilet that leaked and flooded. It can be inferred that the toilet posed a significant problem, as Fields claims that a jail officer requested that he be moved out of the cell after seeing its condition. Additionally, the toilet was apparently leaking badly enough to leave standing water inside the cell. Giving Fields the inferences to which he is entitled at this stage, he satisfies the objective prong. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (flooded cell and wet mattress constituted denial of civilized measure of life's necessities); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (inmate kept in flooded cell, among other conditions, was denied the minimal civilized measure of life's necessities); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir.1992) (prisoner stated Eighth Amendment claim where, among other conditions, he was housed in dirty cell that smelled of human waste and had "rusted out" toilets).

With respect to the subjective prong, Fields alleges that Officer Chad was well aware the cell was uninhabitable when he placed him there and that he ignored his subsequent complaints. Giving Fields the inferences to which he is entitled at this stage, he has stated enough to proceed on a deliberate indifference claim against Officer Chad. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate repeatedly complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"); *Jackson*, 955 F.2d at 22 (finding sufficient evidence of deliberate indifference to preclude summary judgment where the plaintiff attested that the defendants "visited his unit routinely, observed the conditions described in it, but failed to take adequate corrective measures").

Fields also sues Jail Commander Hart and Sheriff Kenneth Fries, claiming that as responsible officials they should be held liable for the conditions under which he was housed. He states in general terms that these officials had notice of the toilet problem through an "inmate request form" that he filled out, but he does not otherwise describe any personal involvement they had in these events. High-ranking correctional officials cannot be held liable simply because they may have received inmate correspondence about a problem. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (concluding that even if written complaints were addressed to the sheriff and another correctional official, "neither could realistically be expected to be personally involved in resolving a situation pertaining to a particular inmate unless it were of the gravest nature."). Because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, these officials also cannot be held liable simply because they oversee operations at the jail or supervise other correctional officers, including Officer Chad. *Burks*, 555 F.3d at 594. Fields makes clear that it

4

was Officer Chad who made the decision to house him in an uninhabitable cell, and under 42 U.S.C. § 1983, public officials can be held liable "for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 595. Accordingly, Commander Hart and Sheriff Fries will be dismissed as defendants.

For these reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed on a claim against Officer Ray Chad in his individual capacity for compensatory damages for housing him in a cell with a flooding and leaking toilet during July and August 2011;

(2) **DISMISSES** Jail Commander Hart and Sheriff Kenneth C. Fries;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Ray Chad; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Ray Chad respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: December 14, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
