UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **TERMAINE T. FIELDS, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CAUSE NO. 1:11-CV-343** |
| v. | ) | |
| | ) | |
| **RAY CHAD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

At the Pretrial Conference held on May 23, 2012, Termaine T. Fields, a *pro se* prisoner, indicated that the sole basis for his claim under 42 U.S.C. § 1983 is that he was housed in a cell for approximately 30 to 60 minutes with a toilet that leaked and caused some flooding on the floor. (Docket # 25, Tr. at 5-6.) The Court had earlier read (apparently erroneously) Fields' complaint to allege that he lived with these conditions for approximately 30 days, which formed the basis for the Court's determination that his complaint seemed to state a claim and thus passed screening under 28 U.S.C. § 1915A. (*See* Docket # 6.)

While it may have been unpleasant or annoying, being housed in a cell with a faulty toilet for under an hour would not give rise to an Eighth Amendment violation. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992) (stating that the Eighth Amendment is implicated only when a prisoner is forced to endure deprivations of the minimal civilized measure of life's necessities); *see also Delaney v. DeTella,* 256 F.3d 679, 683 (7th Cir. 2001) (asserting that "the Constitution does not require that prisons be comfortable"); *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) (noting that "temporary discomfort . . . hardly violates common notions of decency");

*Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988) (observing that prisoners cannot expect the "amenities, conveniences, and services of a good hotel").

Because the facts revealed by Fields at the May 23, 2012, hearing would not rise to the level of an Eighth Amendment violation, he is **ORDERED TO SHOW CAUSE** on or before **August 14, 2012,** why this case should not be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  A failure to show cause would result in his federal claim being dismissed with prejudice, but any state claim contained in the complaint would be dismissed without prejudice to his refiling it in a state court of competent jurisdiction.[1]  *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C.  1367(c)."). Fields is **CAUTIONED** that if he fails to respond by the deadline, this case is subject to dismissal without further notice.

SO ORDERED.

Entered this 10th day of July, 2012.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

---

[1] Fields indicated at the hearing that he eventually slipped on the wet floor and sustained an injury.  That negligence claim, if one exists, would be under the tort laws of the State of Indiana and not cognizable under 42 U.S.C. § 1983.