UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERMAINE T. FIELDS, SR., | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:11-CV-343 PS |
| KENNETH C. FRIES, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Termaine T. Fields, Sr., a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 5.) I screened the complaint pursuant to 28 U.S.C. § 1915A and allowed Fields to proceed on a conditions-of-confinement claim under the Fourteenth Amendment. (DE 6.) Although the complaint was not a model of clarity, I read it to allege that Fields was housed in a cell with a flooding toilet at the Allen County Jail for approximately 30 days. (*Id*. at 1-2.) After the defendant was served, the Magistrate Judge held a status conference. (DE 21.) During the conference, Fields stated on the record that he had been housed in the cell containing the faulty toilet for about 30 minutes to an hour, not 30 days as was previously believed. (*See* DE 25-1 at 5-9.) Thereafter, the Magistrate issued an order requiring Fields to show cause on or before August 14, 2012, why his case should not be dismissed for failure to state a claim. (DE 26.) He was cautioned that if he failed to respond, the case was subject to dismissal without further notice. (*Id.*) The deadline has passed and Fields did not respond.

The *in forma pauperis* statute provides in pertinent part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). Because Fields was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473-74 (7th Cir. 2009). The standards that apply are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* at

475. To state a claim, an inmate must have been subjected to a deprivation or condition of confinement that is "sufficiently serious" such that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and quotations omitted).

While it may have been unpleasant or uncomfortable, being housed in a cell with a faulty toilet for an hour or so would not give rise to a constitutional claim. *See Delaney v. DeTella,* 256 F.3d 679, 683 (7th Cir. 2001) (noting that "extreme deprivations are required to make out a conditions-of-confinement claim" (citations and quotations omitted)); *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) ("[T]emporary discomfort . . . hardly violates common notions of decency."); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988) (holding that temporary lack of sanitation in cell did not violate the Eighth Amendment because prisoners "cannot expect the amenities, conveniences, and services of a good hotel"). Fields's allegation therefore does not state a federal claim. Because the federal claim must be dismissed, I will dismiss any state law claim contained in the complaint without prejudice.[1] *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)(3)."). The dismissal will not preclude Fields from filing a claim in state court, although I express no opinion about the merits or wisdom of pursuing this course.

For these reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff's federal claim is **DISMISSED WITH PREJUDICE**, and any state law claim contained in the complaint is **DISMISSED WITHOUT PREJUDICE**.

---

[1] Fields stated at the status hearing that he slipped on the wet floor and injured his back (DE 25-1 at 4-9), which could conceivably give rise to a negligence claim under state law. *See, e.g., Weatherholt v. Spencer County*, 639 N.E.2d 354, 356-57 (Ind. Ct. App. 1994) (contemplating that a sheriff might be liable for failing to administer a jail facility).

**SO ORDERED**.

ENTERED: August 28, 2012.

                                                      s/ Philip P. Simon
                                                      Philip P. Simon, Chief Judge
                                                      United States District Court